Filed 3/23/23  P. v. Divincenzo CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079825 |
| v. | (Super.Ct.No. FVI18001143) |
| RYAN MATTHEW DIVINCENZO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Ryan Matthew Divincenzo appeals the San Bernardino County Superior Court's denial of his petition for resentencing made pursuant to section 1385 of the Penal Code.[1] We affirm.

**BACKGROUND**

In August 2019, defendant pled no contest to assault by means of force likely to cause great bodily injury and admitted an infliction of great bodily injury enhancement and a prior strike. (§§ 245, subd. (a), 1170.12, subds. (a)-(d), 12022.7, subd. (a).) The court sentenced him to a total term of nine years in state prison, consisting of a midterm of three years for the assault, doubled on account of the strike, and a consecutive upper term of three years for the enhancement.

In 2021, the Legislature amended section 1385 to add subdivision (c). (Sen. Bill No. 81 (Stats 2021, ch. 721, § 1).) The subdivision, which applies to all sentencings occurring after the provision's effective date of January 1, 2022, requires the trial court to dismiss an enhancement if it makes a discretionary finding that dismissal would further the interests of justice unless the dismissal would violate any initiative statute or would endanger public safety. (§ 1385, subd. (c)(1), (2), (7).)

In June 2022, defendant moved for an order striking or staying the sentences imposed for the strike and the enhancement pursuant to subdivision (c) of section 1385. Defendant was present with counsel at the hearing when the court denied the motion. Defendant appealed.

_____

[1] All further statutory references are to the Penal Code.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests us to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. No potentially arguable issues are suggested in the brief.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping with our opinion in *People v. Griffin* (2022) 85 Cal.App.5th 329. We found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

3